## CIRCUIT COURT OF CAROLINE COUNTY

In re Estate of
Mildred Mills Butler

March 29, 1988

By JUDGE WILLIAM H. LEDBETTER, JR.

The issue for determination is whether "may" as used in Virginia Code § 64.1-151.5 is to be construed as permissive or mandatory regarding the time of filing the election to take family allowance, exempt property and homestead exemption provided in § 64.1-151.1 et seq.

Mildred Mills Butler died testate on June 7, 1983. Her last will and testament was admitted to probate by the Clerk on November 2, 1983, and Charles R. Mills of Richmond, executor named in the will, duly qualified and gave bond.

According to the List of Heirs filed the same day, the decedent was survived by her husband, James Robert Butler, and five adult children.

On April 18, 1984, the executor filed an Inventory, listing property valued at $34,950.06.

The executor filed an interim account with the commissioner of accounts, showing an estate balance of $11,358.21 as of September 10, 1986.

The commissioner of accounts conducted a debts-and-demands hearing, pursuant to notice, on October 17, 1986. On December 10, 1986, he filed his report.

On December 18, 1986, Mr. Butler filed an election to take family allowance, exempt property and homestead allowance under Virginia Code § 64.1-151.1, § 64.1-151.2 and § 64.1-151.3. On the same date, he filed an exception to the commissioner's report on the ground that the commissioner of accounts had not considered Mr. Butler's election in his report filed on December 10, 1986.

By order entered on January 7, 1987, Judge Willis committed the matter to the commissioner of accounts

for determination of the issues stated in Mr. Butler's exception. In response, the commissioner of accounts determined that the election was not timely made, and reported to the court "that for this reason there would be no point in my re-hearing the matter."

After an exchange of correspondence between Mr. Butler's attorney and the commissioner of accounts, the commissioner reiterated his position on February 10, 1988, and declined to amend his report of December 10, 1986. Mr. Butler filed an exception to the commissioner's ruling on February 12, 1988.

Article 5.1 of Chapter 6, Title 64.1, of the Code of Virginia, was enacted in 1981. The purpose of the five-statute legislation is to provide to the surviving spouse a family allowance, property exemption and homestead exemption under circumstances set forth in the statutes which, in some instances, have priority over all claims against the estate.

Virginia Code § 64.1-151.5 states that the election "may be made within one year from the death of the testator or intestate." In this case, it is undisputed that the surviving spouse, Mr. Butler, did not make the election within one year from the death of the testate. Nevertheless, he argues, he is not barred from doing so because the operative word in the statute is "may," not "shall."

As used in § 64.1-151.5, the word "may" is permissive only in the sense that the election is not required; i.e., the surviving spouse may, but need not, accept the entitlements provided in the statutes. If, however, the surviving spouse opts to make the election, he or she must do so within the time period provided.

This dual nature of "may" in legislation is not unusual. Throughout the Code, rights are granted which *may* be elected or asserted, with the proviso, expressed or implicit, that the election or assertion *must* be made within a specified time.

For example, § 64.1-78 provides that any interested person *may* appeal a clerk's probate order within a specified time. Under § 64.1-13, a surviving spouse *may* renounce the consort's will within a specified time. In both of these instances, the time limitations unquestionably are restrictive and mandatory. Although the language in most of the statutes of limitation contains the word "shall"

or "must," some provisions of those statutes, e.g., Section 8.01-229(A)(1), use the word "may" which, nevertheless, is construed as mandatory. These illustrations are not exhaustive.

As explained in Black's Law Dictionary at p. 1131 (4th Edition), courts frequently construe "may" as "shall" or "must" in statutes, deeds, contracts, and other instruments, to the end that justice may not be the slave of grammar.

Any other interpretation of § 64.1-151.5 would make no sense. If "may" were permissive and not restrictive, it would follow that the surviving spouse "may" make the election within two years, five years, even ten years. Since some of the entitlements under these statutes take priority over all claims against the estate, such open-endedness would play havoc with the lawful demands of creditors and the proper expectations of beneficiaries.

Accordingly, it is the opinion of the court that the language of § 64.1-151.5 means that the surviving spouse *may* elect to take advantage of the exemptions and allowances provided in § 64.1-151.1 to § 64.1-151.3, and if he or she wishes to do so, the election *must* be made within one year from the decedent's death.

Since the decedent died on June 7, 1983, and the election was not made until December 18, 1986, the election was not timely, and it is adjudged and ordered that the election be and hereby is denied. It is further ordered that the exceptions are overruled and the commissioner's reports are confirmed.